IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF TEXAS WICHITA FALLS DIVISION

| | |
|---|---|
| PAULA J. LOVELESS<br>    Plaintiff, | )<br>)<br>) |
| VS. | )CIVIL ACTION NO. 7:08-CV-169-KA(O)<br>)(ECF )Referred to U.S. Magistrate Judge |
| MICHAEL J. ASTRUE<br>Commissioner of Social Security,<br>    Defendant. | Roach )<br>) |

**MEMORANDUM AND ORDER**

This case comes on for consideration and disposition by this Magistrate Judge by reason of the District Court's order of reference (Docket No.14) and the consent of the parties.(Docket No. 15) The core issue in this Social Security disability appeal is the date of onset of the Plaintiff's disability. Following a remand to the Commissioner ordered in a prior appeal to this Court (7:05–CV-0087-BH), at the direction of the Social Security Appeals Council, a hearing was conducted by an administrative law judge. Following the hearing, the Administrative Law Judge (ALJ) found that the date of onset of the Plaintiff's disability was March 17, 2005.

Procedural History

The administrative record discloses that on July 31, 2002 Loveless filed her initial claim for disability benefits under Title II of the Social Security Act, 42 U. S. C. § 432, alleging that she had become disabled as of January 1, 1989, due to a combination of conditions listed as Epstein-Barr disease, neck and left arm problems, hypertension, diabetes, and abscess and history of gangrene-related surgery. On May 3, 2004, she filed a claim for supplemental security income benefits under Title XVI of the Social Security Act, 42 U. S. C. § 1382c. Following an initial denial of her claim, Loveless had a hearing before an ALJ who issued a decision finding that Loveless was not disabled. After the Appeals Council denied her appeal of the ALJ's decision, Loveless filed the prior civil action in this court to review the Commissioner's final decision. The Magistrate Judge remanded the case back to the Commissioner to reevaluate Loveless' mental status in accordance with the medical severity standard established in the Fifth Circuit's 1985 decision in *Stone v. Heckler*, 752 F. 2d 1099.

The Appeals Council remanded the case to the ALJ to perform that reevaluation of the severity of Loveless' mental condition per the *Stone* standard and to consider what effects, if any, Loveless's obesity had on her work-related activities. (Tr. 426). The Appeals Council also noted in its remand to the ALJ that a state agency had found Loveless disabled beginning February 1, 2005.

The ALJ conducted the mandated new hearing calling a vocational expert to testify, but not calling or hearing from any medical advisor. In her new decision, the ALJ found that

1

notably obstructive sleep apnea, complicated by Loveless' obesity, but that she had been able to return to her past relevant work (PRW) prior to March 17, 2005.

## Party Contentions

Plaintiff contends that the date of onset was much earlier than March 17, 2005. Citing *Spellman v. Shalala*, 1 F. 3d 357 (5th Cir. 1993), Plaintiff contends that the ALJ committed reversible *legal* error by failing to secure the assistance of a medical advisor to assist her in the determination of the onset date and, therefore, there is *no substantial evidence* in the administrative record to support the ALJ's finding of the March 17, 2005 onset date. The Defendant contends that the ALJ followed the correct legal standard in making the onset determination, that the assistance of a medical advisor was unnecessary, and that substantial evidence in the record supports the ALJ's disability onset determination.

## Substantive Disability Issues

Jon C. Dubin, in his *Survey Article: Social Security Law,* 26 Tex. Tech L. Rev. 763 (1995) summarized the legal landscape out of which this case arises as follows:

> "The Social Security Administration ("SSA") administers two major cash benefit programs. The first program, commonly referred to as Old Age Survivors and Disability Insurance ("OASDI")...is an insurance program that protects workers against loss of earning ability due to death, retirement or disability."...The second program, Supplemental Security Income ("SSI") is a means-based welfare program for elderly and disabled persons....Both programs employ identical definitions of disability."
>
> ...
>
> "Congress has defined disability under both the OASDI and SSI programs as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. The Social Security Act further provides that an individual:
>
>> [Shall] be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work."
>
> ...
>
> "Ascertaining the date that the disability commenced is necessary to determine the amount of retroactive benefits a claimant will receive under either

program. The onset date determination is particularly important in OASDI cases where the claimant's insured status has expired and the claimant must demonstrate that her disability commenced at a time when she was still insured for OASDI purposes."

## Standards of Review

In this review, the Defendant properly states that the only two issues before the Court are (1) whether substantial evidence supports the Commissioner's final determination; and (2) whether the Commissioner followed the correct legal standards in reaching his decision. 42 U. S. C. § 405 (g); *Griego v. Sullivan*, 940 F. 2d 942, 945 (5*th* Cir. 1991). "The findings of (the Commissioner) as to any fact, if supported by substantial evidence, shall be conclusive." *Richardson v. Perales*, 402 U. S. 389, 390 (1971). Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion. It is more than a mere scintilla, and less than a preponderance. But the Court may not reweigh the evidence or try the issues de novo. Conflicts in evidence are for the Secretary and not the courts to resolve. *Spellman*, supra at 360.

## Spellman Case

Not surprisingly, the parties do not agree on the scope and implications of the *Spellman* case which is a "onset of disability" lead case in this circuit. In *Spellman*, the claimant alleged a disability onset date of September 1982 when she could no longer continue her work due to a combination of physical and mental impairments. The Appeals Council determined that the claimant's onset date was October 1985, reasoning that the claimant's mental impairment was not shown to be severe until she underwent a psychological evaluation in April 1986, and it was reasonable to assume that this condition was severe six months prior to the evaluation. Fifth Circuit reversed and remanded the District Court's affirmation of the Appeal Council's determination of the onset date of the claimant's disability. The Court noted that Spellman's mental disability was an impairment that is slowly progressive in nature. Noting that Social Security Ruling 83-20 prescribed the policy and procedure by which the Secretary should determine the onset date of a disability, the court recited that the "[F]actors relevant to the determination of disability onset include the individual's allegation, the work history, and the medical evidence. The court also noted that these three factors are often evaluated together. The Court observed that with respect to the review and weighing of medical evidence related to the date of onset of a disability, SSR 83-20 expressly subscribed the following:

> "In some cases, it may not be possible, based on the medical evidence to reasonably infer that the onset of a disabling impairment occurred some time prior to the date of the first recorded medical examination, e.g., the date the claimant stopped working. How long the disease may be determined to have existed at a disabling level of severity depends on an informed judgment of the
>
> facts in the particular case. This judgment, however, must have a legitimate medical basis. At the hearing, the administrative law judge (ALJ)

3

should call on the services of a medical advisor when the onset must be inferred. If there is information indicating that additional medical evidence is available, such evidence should be secured before inferences are made." *p. 351.*

Siding with the holdings in similar cases out of the Sixth and Ninth Circuits[1], the Court held "that in cases involving slowly progressive impairments, when the medical evidence regarding the onset date of a disability is ambiguous and the Secretary must infer the onset date, SSR 83-20 requires that the inference be based on an informed judgment. The Secretary cannot make such an inference without the assistance of a medical advisor." *p. 362.*

Thus, argues the Plaintiff, the ALJ failed to follow the 5th Circuit's imprimatur in *Spellman* that the ALJ call on the expertise of a medical advisor in inferring the onset date of Plaintiff's slowly developing disabling impairment. Not so, argues the Commissioner, the ALJ did make an "informed" judgment on the basis of evidence in the administrative record that was not ambiguous. "Therefore, the ALJ's factual findings are entitled to considerable deference on appeal."

<u>Loveless' Onset Date</u>

The determination of the Loveless' disability onset date is critical because for OASDI benefit purposes, Loveless was insured from January 1, 1999 until December 31, 2003, but not thereafter. Therefore, an impairment, which did not incapacitate her on or before December 31, 2003, could not be the basis for an allowance of disability insurance benefits under that program. Another factor complicating the onset determination arose while Loveless's case was previously under consideration by the Court. While her 2002 claim for disability insurance benefits (SSI) was being considered at the District Court level, on March 17, 2005 Loveless filed **new** applications for a period of disability for both OASDI and SSI benefits. As a result of the **new** applications, Loveless was found by the Commissioner to have been disabled as of February 1, 2005 for SSI purposes.

<u>ALJ's Onset Determination</u>

In her post-hearing decision, the Administrative Law Judge, addressed the onset issue indirectly incident to making several express findings.[2] I find it significant that at the beginning of her analysis of the onset of Loveless' disability following Finding 6, the ALJ expressly stated that:

---

[1] *Blankenship v. Bowen*, 874 F. 2d 1116 (6th Cir. 1989); *Morgan v. Sullivan*, 945 F. 2d 1079 (9th Circuit, 1991)

[2] Finding 5. "After careful consideration of the entire record, the Administrative Law Judge finds that, *prior to March 17, 2005*, the date that claimant became disabled, the claimant had the residual functional capacity to perform the full range of sedentary work activity..."(Tr. 402) Finding 6. "After careful consideration of the entire record, the Administrative Law Judge finds that, *beginning on March 17, 2005*, the claimant has the residual functional capacity to perform sedentary work..."(Tr. 407) (emphasis supplied).

4

" The Administrative Law Judge considers that the claimant became disabled effective the *date of the new application, March 17, 2005*, but not prior thereto. The basis is not the claimant's exaggerated reports of mental impairments, but on the claimant's combination of added impairments in 2005, especially the sleep apnea found in September 2005 (Exhibit 22F), and *likely existing for five to six months earlier*." (Tr. 407) (emphasis supplied).

Her subsequent discussion of the medical evidence that supposedly supported her onset date determination concentrated on that 2005 time period. I find that this medical evidence was ambiguous as to the date of onset of the disabling impairments. I find that the ALJ's determination of the onset date of Loveless' disability was as arbitrary as that onset date found by the Appeals Council in *Spellman*. Indeed, both determinations were based upon the same logic (ie. that the onset date must necessarily have preceded by 5-6 months the date of the examination that revealed the new impairment.) This evidences a typical *a priori* argument. The ALJ's *a priori* determination of the onset date precluded a true medical analysis of the severity of the claimant's disability and how and when it may have affected her ability to perform substantial meaningful work. The ALJ's failure to engage a medical advisor to review the medical evidence resulted in her uninformed judgment as to the onset date. Thus, the ALJ committed *legal error* in determining the onset date, thereby causing a denial of benefits to Loveless.

I order that this case be remanded to the Commissioner for an administrative law judge (ALJ) to reevaluate the date of onset of plaintiff's disability.

So ordered this 23rd day of June, 2009.

Robert K. Roach
UNITED STATES MAGISTRATE JUDGE

5